UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 10-25-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES E. POLLY, | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Defendant, Charles Polly, filed a motion to suppress evidence seized pursuant to a search warrant, R. 28, and a motion for a *Franks* hearing, R. 27. Magistrate Judge Hanly A. Ingram considered these motions and held oral argument. Judge Ingram issued a thorough Report and Recommendation ("R&R") recommending that the Court deny both of Polly's motions. R. 43. Polly filed objections to Judge Ingram's R&R in a timely fashion. R. 44. After reviewing the parties' briefing concerning the original motions, Judge Ingram's R&R, and Polly's objection, the Court agrees with Judge Ingram that both motions should be denied. The search warrant for Polly's home was valid because probable cause supported it, and Polly has not made a sufficient preliminary showing to entitle him to a *Franks* hearing. Accordingly, the Court will adopt both Judge Ingram's report and his recommendation.

## BACKGROUND

Judge Ingram's R&R contains a complete account of the facts, R. 43 at 1-5, so a complete re-hashing is not necessary. Here are the highlights. In May 2009, Deputy Keith Berry of the Jackson County Sheriff's Department received a tip from the U.S. Forest Service that someone

was growing marijuana in the Bernstadt Quad in Laurel County, Kentucky. The Bernstadt Quad is in the woods and is accessible via an ATV trail. Deputy Berry located the marijuana plants and placed hidden surveillance cameras on the plot and at the mouth of the ATV trail in the hopes of identifying the grower. The cameras captured images of someone tending to the plants on several occasions during June and July of 2009. On two of those occasions Berry was able to identify several distinguishing characteristics of the suspect—he appeared to be at least 60 years old, he had gray hair, and he had a large stomach that protruded beyond his belt line. The suspect always wore a mask when he tended to the plants, so the cameras never captured his face.

Polly's house was the closest house to the mouth of the ATV trail leading to the marijuana plot. In August, 2009, Deputy Berry and another officer visited Polly's residence. They talked with Polly and had the opportunity to observe his body type and mannerisms. Polly's general age and physique matched that of the mysterious horticulturist. On August 18, 2009, Berry drove past Polly's residence and noticed a yellow ATV sitting in Polly's front yard. That same day, the surveillance cameras captured a male subject matching Polly's (and the suspect's) description riding a yellow ATV into the trail towards the marijuana plot. The cameras also captured the suspect, who appeared to be the same person from earlier videotapes, harvesting marijuana from the plot.

Deputy Berry put all of this information into an affidavit and sought a warrant to search Polly's residence. Finding that the affidavit established probable cause, the state court magistrate issued the search warrant. Police officers executed the warrant and found incriminating

evidence. Polly seeks to suppress this evidence, arguing that the search warrant was invalid because Berry's affidavit failed to establish probable cause. Polly also argues that Berry intentionally or recklessly omitted important information from his affidavit which, if included, would have undermined the finding of probable cause. Polly asks for an evidentiary hearing, also known as a *Franks* hearing, to explore these omissions.

## DISCUSSION

### I. Probable Cause

The Fourth Amendment, made applicable to the states via the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" by providing that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. Probable cause is a "practical, common sense" inquiry that rests on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing magistrate's task is simply to look at all of the evidence set forth in the affidavit and determine whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* Once the magistrate makes this determination in the first instance, it is not this Court's job to nit-pick or scrutinize his decision in a highly technical manner. *See United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004). Rather, the reviewing Court should uphold the validity of the warrant so long as the magistrate "had a substantial basis for concluding that probable cause existed." *Id.* at 238-39 (internal citation and quotation omitted).

In his R&R, Judge Ingram fully and correctly explains how Deputy Berry's warrant

affidavit gave the issuing magistrate probable cause to believe that contraband or incriminating evidence would be found at Polly's residence. R. 43 at 6-7. Contrary to Polly's contention, the affidavit established more than just "there was marijuana being grown by an old fat guy [and] Charles Polly was an old fat guy who lived nearby." R. 28 at 10. Berry's affidavit did establish those things, but it also established more. Berry observed the defendant up-close and affirmed that his physical characteristics and mannerisms were the same as the person seen tending to the marijuana plants on the surveillance tapes. Berry saw a yellow ATV in front of Polly's house and reviewed the video of that day which showed an individual who looked like Polly riding a yellow ATV on the trail leading to the marijuana plot. And Berry lived close to the mouth of the ATV trail—indeed, no one lived closer. Viewing all of this in a practical, common-sense manner, the Court agrees with Judge Ingram that the issuing magistrate had a substantial basis for concluding that probable cause existed.

The Court also agrees with Judge Ingram that, even if Berry's affidavit did not establish probable cause, suppression would still be an inappropriate remedy because the good-faith exception enunciated in *United States v. Leon* applies. 468 U.S. 897 (1984). Berry did exactly what he was supposed to do. He gathered intelligence. He wrote everything down in an affidavit. He submitted that affidavit to a neutral magistrate. And that magistrate determined that there was probable cause to search Polly's residence. Further, none of the exceptions to the *Leon* good-faith exception apply—there is no indication that Berry knew the warrant contained false information nor was Berry's affidavit "so lacking in indicia of probable cause that a belief in its existence [was] objectively unreasonable." *See United States v. Laughton*, 409 F.3d 744,

4

748 (6th Cir. 2005). Although the Court concludes that the warrant was supported by probable cause, even if it was not, this is an ideal case for the good-faith exception.

## II. *Franks* Hearing

Polly also seeks an opportunity to attack Deputy Berry's search warrant affidavit itself. Polly argues that Berry intentionally omitted crucial information—information that, if it had been included, would have undercut the finding of probable cause. R. 44 at 4-5. He seeks an evidentiary hearing, also known as a *Franks* hearing, in which to "explore and establish these omitted facts." R. 27 at 6. For the reasons that Judge Ingram stated in his R&R, the Court will deny Polly's request.

*Franks* hearings are not like lollipops at the bank—you do not get one just because you ask. Search warrant affidavits are presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 172 (1978). Nevertheless, police officers may not intentionally or recklessly lie in their affidavits or omit material information in order to gin-up probable cause where it might not otherwise exist. Criminal defendants may challenge search warrant affidavits on these grounds, but the right to mount such a challenge is not automatic. Before the Court will grant the defendant an opportunity to challenge the affidavit in an evidentiary hearing, the defendant must pass an initial hurdle. This hurdle is particularly high where, as here, the defendant does not allege that the officer affirmatively lied in his affidavit, but rather that the officer omitted important information. After all, every affidavit omits some facts—that is an inherent part of the exercise of reducing real-world events to paper. Because "an allegation of omission potentially opens officers to endless conjecture about investigative leads, fragments of information, or other

matters that might, if included, have redounded to the defendant's benefit," *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997), the defendant must make a particularly strong preliminary showing before the Court will open the door to a *Franks* hearing. He must show that the affiant "engaged in 'deliberate falsehood' or 'reckless disregard for the truth' in omitting information from the affidavit" and that, if the omitted information had been included, probable cause would no longer exist. *Id.*

For the reasons stated in Judge Ingram's R&R, R. 43 at 9-11, Polly's preliminary showing falls short. Polly is correct that Deputy Berry left several pieces of information out of the affidavit. The affidavit did not mention whether there were other trails that accessed the marijuana plots, whether the cameras were motion-operated, how far Polly's house was from the mouth of the ATV trail, or how many other ATVs typically traveled along the trails. It might have been nice for the issuing magistrate to have known these facts. But the defendant has not even shown that, had the omitted information been included, the affidavit would not have established probable cause. Moreover, Polly has made absolutely no preliminary showing that Deputy Berry deliberately or recklessly omitted this information in an attempt to deceive. Accordingly, the Court agrees with Judge Ingram that Polly is not entitled to a *Franks* hearing.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Judge Ingram's report and recommended disposition, R. 43, is **ADOPTED**.

(2) Polly's motion to suppress, R. 28, and his motion for a *Franks* hearing, R. 27, are **DENIED**.

This the 8th day of October, 2010.

Signed By:
*Amul R. Thapar* AT
United States District Judge